UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA LYNN HUPP,

                          Plaintiff,

                                                    **Hon. Hugh B. Scott**

                                                    17CV692

                    v.                              **CONSENT**

                                                    **Order**

COMMISSIONER,

                          Defendant.
_____

        Before the Court are plaintiff's motion for judgment on the pleadings (Docket No. 10)

and defendant Commissioner's motion for similar relief (Docket No 13).  The parties briefed

their respective motions (see Docket No. 15) and the motions were scheduled for argument and a

status conference on July 31, 2018 (Docket No. 16), but that proceeding had to be adjourned

(text calendar entry, July 30, 2018).  Upon further review of the papers, argument and the

conference were deemed unnecessary (Docket No. 17).  As discussed below, plaintiff's motion

(Docket No. 10) is **GRANTED**, the defendant Commissioner's motion (Docket No. 13) is

**DENIED**, and this matter is **REMANDED to the Commissioner for further administrative**

**proceedings**.

### INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability benefits.

# PROCEDURAL BACKGROUND

The plaintiff ("Laura Hupp" or "plaintiff") filed an application for disability insurance benefits on August 21, 2013. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated February 2, 2016, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on May 26, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on July 25, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 13, 15). On June 15, 2018, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 14).

# FACTUAL BACKGROUND[1]

Plaintiff was born on June 30, 1962, and graduated from high school (R. 28). She last worked as a certified nurse's assistant or developmental aide but the Administrative Law Judge ("ALJ") found that she could not return to her past relevant work due to her hearing limitation and social limitations (R. 28, 25). Plaintiff lost her job due to allegations of abuse and a loss of certification in October or November 2014 (R. 25).

Plaintiff proceeded pro se through much of this application process (see R. 21, 55) until she obtained counsel on March 11, 2016 (R. 17). During the February 2, 2016, hearing, plaintiff stated that she had a chance to review the medical and other documentary evidence that was later

---

[1]References noted as "(R.___)" are to the certified record of the administrative proceedings, filed with this Court as Docket No. 7.

admitted by the ALJ (R. 55). Plaintiff's testimony there consists of nine pages of transcript (R. 54-62), excluding the testimony of the vocational expert (R. 62-70).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff claims the following impairments, deemed to be severe by the ALJ: hearing loss, obesity, major depressive disorder, generalized anxiety disorder, and panic disorder (R. 23). As for her obesity, plaintiff weighed 233 pounds and was 67 inches tall, therefore having a body mass index of 36.5 on September 28, 2015 (R. 26). Plaintiff claimed other impairments as well (such as hypertension) but these were deemed not to be severe.

The ALJ found that plaintiff had a residual functional capacity to perform a full range of medium work, concluding that she could lift more than 50 pounds occasionally and lift and carry up to 25 pounds frequently. The ALJ also concluded that plaintiff must avoid moderate exposure to excessive noise; must avoid all exposure to unprotected heights and hazardous machinery; is limited to occupations that do not require fine hearing, frequent verbal communications and frequent telephone communications; can only have occasional interaction with the public and coworkers. (R. 25.) With this capacity, the vocational expert opined that a hypothetical claimant in plaintiff's circumstances could perform such occupations as cleaner 2 or a hand packager (both medium and exertional level jobs)) and thus plaintiff was held not to be disabled (R. 29).

## DISCUSSION

Ordinarily, this Court would discuss the familiar standard for judicial review of the agency's final decision. That is, whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence, see 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).

Here, plaintiff proceeded pro se through the ALJ's decision. The ALJ has a duty to "adequately protect a pro se claimant's rights 'by ensuring that all of the relevant facts [are] sufficiently developed and considered,'" Cruz v. Sullivan, 912 F.2d 8, 11-12 (2d Cir. 1990), quoting Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980) (Docket No. 10, Pl. Memo. at 10). The ALJ has a further duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," Gold v. Secretary of HEW, 463 F.2d 38, 43 (2d Cir. 1972); Hankerson, supra, 636 F.2d at 895. This Court, in turn, "must determine whether the ALJ 'adequately protect[ed] the rights of [a] pro se litigant by ensuring that all of the relevant facts [are] sufficiently developed and considered,'" Echevarria v. Secretary, HHS, 685 F.2d 751, 755 (2d Cir. 1982) (quoting Hankerson, supra, 636 F.2d at 895). Whether the ALJ met the duty to develop the record is a threshold question before determination of whether the ALJ's conclusions are supported by substantial evidence, Hooper v. Colvin, 199 F. Supp.3d 796, 806 (S.D.N.Y. 2016); Paredes v. Commissioner, No. 16CV810, 2017 U.S. Dist. LEXIS 76403, at *46 (S.D.N.Y. May 19, 2017) (Moses, Mag. J.). If the ALJ fails to develop the record, especially when a claimant is pro se, this Court must remand the case, Paredes, supra, 2017 U.S. Dist. LEXIS 76403, at *47.

At issue here is whether the ALJ developed the record for the pro se plaintiff of her impairments and treatment to have sufficient, substantial evidence to make his findings. Plaintiff appeared pro se at the administrative hearing on February 2, 2012 (R. 53, 54-55). At the outset of the hearing, plaintiff noted her hearing difficulty (R. 54). The ALJ then rendered his decision on February 19, 2016 (R. 18). Plaintiff later obtained legal representation on March 18, 2016 (R. 16). In denying benefits, the ALJ noted the paucity of the medical record (R. 26). The

Commissioner invited counsel to submit new evidence or a statement about the facts of the case on April 29, 2016, based upon counsel's appearance and request for more time to perfect an appeal to the Appeals Council (R. 9).

Plaintiff now argues that the medical record she presented while pro se was so scant (sixteen pages of medical notes from treating sources, R. 232-36, 241, 242-52) and referred to other records not produced into evidence of which the ALJ should have sought more (Docket No. 10, Pl. Memo. at 8-9). The ALJ did not inquire about plaintiff's treatment or providers, only asking if plaintiff had objection to admitting the records submitted and not asking if additional materials were required (id. at 9; R. 55).

Defendant Commissioner responds that plaintiff has not submitted to the Appeals Council or this Court the additional medical evidence that should have been submitted. Had she done so, this would be a "sentence six" remand under 42 U.S.C. § 405(g), which would occur "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence in a prior proceeding." (Docket No. 13, Def. Memo. at 9-10.) Had such new materials been submitted, defendant argues that plaintiff would need to show that there would have been a reasonable likelihood that the ALJ's decision would have been altered by the new evidence to warrant remand (id.). Defendant argues that the ALJ contacted plaintiff's doctors and received the materials from them that is the present record (id. at 13). Furthermore, defendant argues that the residual functional capacity assessment factored in plaintiff's hearing loss (id. at 11).

Given the duty on the ALJ to protect the pro se claimant by ensuring that all relevant facts are sufficiently developed and considered, remand is required here. What little medical

record before the ALJ referred to other documents that were not made part of the record. Plaintiff's medical record from treating sources presented to the ALJ totaled 27 pages, including a misaddressed request to Buffalo Hearing & Speech (R. 253; see Docket No. 10, Pl. Memo. at 10). Despite the efforts to contact plaintiff's medical sources, as claimed by defendant (Docket No. 13, Def. Memo. at 10-11,13), the ALJ needed to advise the pro se plaintiff at the hearing of the extent of the record. Arguably, the ALJ did so when presenting it for admission, but the ALJ failed to note whether that record appeared complete or offered plaintiff an opportunity to supplement it (either pro se or after she retained counsel). The ALJ's heightened duty with the pro se plaintiff required further inquiries for her medical records. The fact she now has counsel merely assists that process upon remand. It was legal error for the ALJ to not inquire further here, thus plaintiff need not now show that new evidence, material to her claim, exists; therefore, sentence six of § 405(g) remand.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 13) for judgment on the pleadings is **GRANTED**, the defendant Commissioner's motion (Docket No. 15) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Court Clerk is directed to enter judgment and close this case.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

6

Dated: Buffalo, New York
       August 15, 2018