UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA LYNN HUPP,

                Plaintiff,

                            **Hon. Hugh B. Scott**

                            17CV692

                v.

                            **CONSENT**

                            **Order**

COMMISSIONER,

                Defendant.

Before the Court is plaintiff's motion to recover her attorney's fees under the Equal Access to Justice Act (Docket No. 20), 28 U.S.C. § 2412 ("EAJA"). Response to this motion was due by December 12, 2018 (Docket No. 21), and defendant Commissioner responded (Docket No. 22) opposing the award of fees. Plaintiff's reply was due by December 19, 2019 (Docket No. 21), which plaintiff did not file. The matter was submitted, without oral argument, on December 19, 2019 (see Docket No. 21).

BACKGROUND

Plaintiff, initially proceeding pro se before the Social Security Administration, through counsel sought judicial review of the denial of Social Security benefits (Docket No. 1, Compl.). Following argument of her motion for judgment on the pleadings (Docket No. 10) and defendant Commissioner's counter motion for judgment on the pleadings (Docket No. 13), this Court (on August 15, 2018) ordered the remand of this matter to the Commissioner (Docket No. 18; see Docket No. 19, Judgment entered Aug. 16, 2018).

Plaintiff, on November 14, 2018, filed the pending motion under the EAJA (Docket No. 20). There, she claims $6,951.24 in attorney's fees for 34.3 hours of work at the inflated[1] rate of $202.68 per hour (id., Pl. Atty. Decl. ¶ 3; id., Pl. Memo. at 4, 5). She claims she filed a timely EAJA application (id., Pl. Memo. at 2), that she was the prevailing party with net assets below the threshold that would bar recovery under the act (id. at 2-3). Plaintiff contends that defendant was not substantially justified in opposing relief because the Commissioner's decision was not supported by substantial evidence in the failure of the Administrative Law Judge to develop the record for plaintiff as a pro se claimant (id. at 3-4; see Docket No. 10, Pl. Memo. at 8-14; see also Docket No. 18, Order at 4-6).

Defendant opposes this application (Docket No. 22, Def. Memo.), arguing that the Commissioner's position was substantially justified and plaintiff needed to demonstrate that additional evidence not produced by her pro se was material and good cause exists for not previously offering such evidence before remand to the agency (id. at 2-3). The Commissioner argues that once a pro se claimant obtains counsel, that attorney may make the strategic decision not to seek additional material at the administrative level. Then the attorney can argue on judicial review that the Administrative Law Judge (or "ALJ") failed to meet the duty to develop the record in a pro se case. (Id. at 3.) The Commissioner concludes that a "previously pro se plaintiff should not be permitted to circumvent the materiality and good cause requirements and,

---

[1]Defendant does not dispute plaintiff's fee calculation, see Docket No. 22, Def. Memo. at 4 n.2. Plaintiff, however, inflates the presumptively reasonable attorney's fee rate from 1996, 28 U.S.C. § 2412(d)(2)(A), as set by the consumer price index for September 2018, Docket No. 20, Pl. Memo. at 4. Plaintiff notes that some of the work occurred in 2017 without citing the annual consumer price index for that year or arguing why a rate for 2018 should universally apply, but cf. Leon o/b/o J.E.V. v. Colvin, No. 15CV914, 2018 WL 4404577, at *4 (W.D.N.Y. Sept. 16, 2018) (Telesca, J.) (plaintiff erred in calculating fee based upon only one year's pricing when work occurred over two years); Parnitzke o/b/o A.P. v. Comm'r, No. 17CV454, Docket No. 19, Order at 5, 9-12 (W.D.N.Y. Dec. 20, 2018) (Scott, Mag. J.).

potentially create delay and expend unnecessary resources, based upon his or her attorney's inaction," while noting that plaintiff's counsel here acted "appropriately, sincerely, and effectively" in representing plaintiff (id. at 3-4, 4 n.1).

DISCUSSION

I.   Applicable Standards under the EAJA

Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), a prevailing party may submit to this Court an application for fees and other expenses. The party must allege that the Government's position was not substantially justified, id., as was done here.

> "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought,"

id. This statute requires proof that the claimant is the prevailing party (not contested here); that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that the fee application was submitted within thirty days of entry of final judgment (which was done here), McMahon v. Novello, 192 F. Supp. 2d 54, 64 (W.D.N.Y. 2001) (Curtin, J.); Kerin v. United States Postal Service, 218 F.3d 185, 189 (2d Cir. 2000).

Once the claimant alleges that the Government's position was not substantially justified, the Commissioner bears the burden of showing that their position was in fact substantially justified. The Supreme Court held that substantially justified is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person," Comm'r of INS v. Jean, 496 U.S. 154, 158 n.6 (1990) (Docket No. 22, Def. Memo. at 1). This Court then reviews the underlying agency action and the civil action to determine whether the Commissioner's position had a "reasonable basis both in law and fact," Ericksson v. Commissioner of Social

3

Security, 557 F.3d 79, 81-82 (2d Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 563 (1988)) (see Docket No. 20, Pl. Memo. at 3; Docket No. 22, Def. Memo. at 1-2; see also Sotelo-Aquiji v. Slattery, 62 F.3d 54, 57 (2d Cir. 1995) (Miner, J.)).

II.     Substantially Justified

Courts in the Second Circuit establish reasonable compensation for attorney's fees in EAJA applications by evaluating the size of the administrative record, the complexity of the entire appeal, and the substantive issues involved, see Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (Larimer, J.), without focusing upon whether the claimant prevailed in many or all his or her arguments. Judge Larimer in Hogan noted that the Court need not "'scrutinize each action taken or the time spend on it' when determining what is reasonable," id. (quoting Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986)), and the Court may apply "a reasonable percentage reduction" of the time claimed, id. Within this Court's broad discretion in considering whether the time was reasonably expended, this Court "need not have scrutinized each action taken or the time spent on it," Aston, supra, 808 F.2d at 11, citing New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); Mitchell v. Berryhill, No. 14CV418, 2017 U.S. Dist. LEXIS 38800, at *4 (W.D.N.Y. Mar. 17, 2017) (Telesca, J.) (rejecting defendant's argument that fee request was excessive).

The purpose of this fee application is not to relitigate the merits of the underlying judicial review of the ALJ's decision. Defendant argues that the ALJ's duty to develop the record for a pro se claimant requires plaintiff to demonstrate on appeal the materiality of the evidence the claimant intended to produce and good cause for not offering it before (Docket No. 22, Def. Memo. at 2-4). As for materiality, the medical record here before the ALJ was so scant, sixteen

4

pages, and the ALJ referred to additional material not included in that record and plaintiff did not point to additional evidence she would have presented (save reference to the uncited sources the ALJ used in making findings). Plaintiff has not identified the new evidence but merely argues that the evidence that was presented was scant and insufficient. The absence of evidence is what is material.

As for good cause, plaintiff proceeding pro se provides good cause for not seeking admission of additional evidence that she might not have been aware of to seek. Plaintiff's "pro se status may excuse her failure to present relevant evidence at an ALJ hearing where the ALJ failed to make a reasonable effort to acquire the evidence," Rose v. Commissioner of Soc. Sec., 202 F. Supp.3d 231, 244 (E.D.N.Y. 2016); Skrodski v. Commissioner of Soc. Sec., No. 11CV5173(MKB), 2012 U.S. Dist. LEXIS 179527, at *17 (E.D.N.Y. Jan. 3, 2013) (claimant's pro se status can establish good cause for purposes of remand). This is not a case of plaintiff, now appearing through counsel, withholding additional evidence from either the ALJ or the Appeals Council to preserve a claim that the ALJ violated the duty to develop the record on judicial review, as defendant suggests in the response.

Thus, defendant's position **was not substantially justified**. As a result, plaintiff is entitled **to compensation for her attorney's services**.

Defendant does not dispute the reasonableness of the attorney's fee claimed by plaintiff (Docket No. 22, Def. Memo. at 4 n.2). The amount of time claimed by plaintiff in this application, 34.3 hours (Docket No. 20, Pl. Atty. Decl. ¶ 3), is within the range of 20-40 hours for routine attorney time for Social Security appeals argued in this Circuit, e.g., James v. Colvin, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014) (Larimer, J.). While this Court could reexamine the

5

plaintiff's time and rates for reasonableness, absent complaint by defendant this Court will **accept as reasonable plaintiff's attorney's fee claim**, see Blizzard v. Astrue, 496 F. Supp.2d 320, 324 (S.D.N.Y. 2007) (this Court need not "articulate its judgment as to reasonableness in terms of a mathematical formula"). This Court could recalculate the rate for services rendered in 2017 and not apply the consumer price index for September 2018 that plaintiff argues is the reasonable rate but without objection from defendant, the Court will **accept plaintiff's cited rate**. As a result, plaintiff should recover **$6,951.24** claimed as reasonable compensation.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 20) to recover her attorney's fee is **granted**. Plaintiff recovers **$6,951.24** for her attorney's fee.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 27, 2018